UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-20802-CR-LENARD/O'SULLIVAN

UNITED STATES OF AMERICA,

     Plaintiff,

v.

IGOR FEDERICO MANOTAS-LOPEZ,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court on the Motion for Specific Performance (DE# 879, 5/24/11) (hereinafter "Motion") filed by Igor Frederico Manotas-Lopez (hereinafter "defendant"). This matter was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable Joan A. Lenard for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). Having carefully considered the Motion, the Response in Opposition to Defendant's Motion for Specific Performance (DE# 884, 6/24/11) (hereinafter "Response"), the court file and the applicable law, the undersigned respectfully recommends that the Motion (DE# 879, 7/8/10) be **DENIED** for the reasons explained below.

### I. CLAIMS

The defendant raises a variety of challenges to his conviction and sentence. The defendant claims that the government breached its agreement to provide a sentence reduction in exchange for the his cooperation, his sentence was unreasonable when compared to those imposed on other defendants, his plea

agreement was not amended to provide that he would obtain a sentencing adjustment for his minor/minimal role in the enterprise, his guilty plea was not knowing and voluntary, the government presented fraudulent testimony to the grand jury and he was not convicted of the specific offense that he was extradited. The government argues that the defendant is not entitled to a reduction to his sentence because he has not presented a cognizable claim under either Federal Rule of Criminal Procedure 35 (hereinafter "Rule 35") or 28 U.S.C. § 2255.

## II. PROCEDURAL HISTORY

On September 26, 2003, the defendant was indicted on five counts involving the importation of five kilograms or more of cocaine.  On December 7, 2005, the defendant pled guilty to the five counts. On February 17, 2006, the defendant was sentenced to 135 months imprisonment on each count, which were to run concurrently.

On February 21, 2007, the defendant filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside or correct his sentence due to ineffective assistance of trial counsel.  See Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Case No. 07-20455-CIV-Lenard, DE # 1, 2/22/07).  On March 7, 2007, the defendant's trial counsel filed a motion to compel specific performance of the plea agreement on the defendant's behalf in the instant case.  See Defendant's Motion to Compel Specific Performance of Plea Agreement (DE #532).  Thus, the defendant simultaneously pursued two inconsistent remedies.  The government filed its response to the defendant's motion for specific performance on April 2, 2007 in which it argued that the motion was premature while the § 2255 motion was pending and that the government had complied with the plea agreement.  See

United States' Response to Defendant's Motion to Compel Specific Performance (DE # 533).  The government filed its response to the defendant's § 2255 motion on April 17, 2007 in which it argued that the defendant's claims were without merit.  See Government's Response to Motion to Vacate Judgment and Sentence Pursuant to U.S.C. § 2255 (Case No. 07-20455-CIV-Lenard, DE # 6, 4/17/07).  After the Court ordered a joint status conference to resolve the inconsistency between the two motions, the defendant withdrew his motion for specific performance.  See Joint Status Report (DE # 537, 5/1/07); Order (DE # 540, 5/3/07).

The defendant filed a reply to his § 2255 motion on May 24, 2007 and followed it with a pro se affidavit in response to the government's answer on June 6, 2007. In the affidavit the defendant asserted that his guilty plea was involuntary because he received ineffective assistance of counsel.  See Reply to Response to Motion to Vacate Judgment and Sentence Pursuant to 28 U.S.C. 2255 (Case No. 07-20455-CIV-Lenard, DE # 12, 5/14/07); Affidavit (Case No. 07-20455-CIV-Lenard, DE # 13, 6/4/07).  The defendant further filed a pro se supplemental memorandum of law in support of his § 2255 motion on December 13, 2007.  See Supplemental Motion (Case No. 07-20455-CIV-Lenard, DE # 18, 12/13/07).  In his supplemental motion, the defendant argued that: (1) trial counsel failed to ensure that his guilty plea was knowing and voluntary and that the defendant obtained a reduced sentence for assisting the government, (2) trial counsel failed to appeal the defendant's conviction and sentence, (3) trial counsel failed to file a motion for a downward departure based on the defendant's pre-extradition confinement and (4) trial counsel failed to discover that "false" evidence was presented to the grand jury.  On February 22, 2008, Magistrate Judge Torres issued a report and

4

recommendation recommending that the defendant's section 2255 motion be denied.
See Report and Recommendation (Case No. 07-20455-CIV-Lenard, DE # 20).  Judge
Lenard adopted Magistrate Judge Torres' report and recommendation on March 27,
2008.  See Order Adopting Report and Recommendation (DE # 552).  The defendant
did not appeal this ruling.

The defendant filed a second motion to specifically enforce the plea agreement
on February 11, 2009. Motion to Reduce Sentence Under Rule 35 (DE # 599).  On
March 4, 2009, the Court denied the motion.  Order (DE # 603). On June 26, 2009, the
defendant wrote a letter to the Court seeking a hearing with regards to his previously
denied motions. See Letter, (DE # 662).  The Court treated the letter as a motion and
ultimately denied it. See Order (DE # 675, 9/3/09).  The defendant attempted to appeal
the Court's denial of his motion for specific performance and sought leave to proceed in
forma pauperis.  However, the Eleventh Circuit denied the defendant's request because
his appeal was frivolous and the appeal was subsequently dismissed.  See Order (DE #
724); Order of Dismissal (DE # 746).

The defendant persists in challenging his conviction and sentence.  He filed
another petition for habeas corpus under 28 U.S.C. § 2255 on July 13, 2010 which
remains pending.  See Motion to Vacate Under 28 U.S.C. 2255 (DE # 792).  On May
23, 2011, the defendant filed the instant motion for specific performance of his plea
agreement (DE # 879).  The government filed its response on June 24, 2011 (DE #
884). The defendant did not file a reply.[1]

_____

[1]On July 14, 2011, the defendant filed Defendant's Motion for Inquiry and
Consider[*sic*] (DE # 887, 7/14/11). The undersigned has considered the arguments

## III. DISCUSSION

Once a sentence has been imposed, a court has limited jurisdiction to modify it under 18 U.S.C. § 3582(c). In the Eleventh Circuit, a sentence can only be modified via Rule 35 of the Federal Rules of Criminal Procedure or as expressly provided by 28 U.S.C. § 2255. United States v. Celedon, 353 Fed.Appx. 278, 280 (11th Cir. 2009) citing United States v. Diaz-Clark, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Therefore, the defendant's claims for a modification of his sentence due to his substantial assistance and the alleged unwarranted disparity compared to the sentence of some of his co-defendants must establish a cognizable claim under Rule 35 or 28 U.S.C. § 2255 in order for his sentence to be modified. The defendant does not present a cognizable claim under either Rule 35 or 28 U.S.C. § 2255.

### A. Rule 35

Under Rule 35(a), a court can correct an error in a sentence that resulted from "arithmetic, technical, or other clear error" within fourteen days of sentencing. Fed. R. Crim. P. 35(a); United States v. Phillips, 597 F.3d 1190, 1196-97 (11th Cir. 2010). Since the defendant was sentenced in 2006, subsection (a) is inapplicable because the defendant does not fit within the fourteen day period which serves as a jurisdictional threshold.

Rule 35(b) provides that upon the government's motion, a defendant can receive a reduction in his sentence for substantial assistance. Fed. R. Crim. P. 35(b). In the Eleventh Circuit, the government's refusal to file a motion for a reduction is only subject

---

raised therein in recommending that the instant motion be denied.

to judicial review "when there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation." United States v. Dorsey, 554 F.3d 958, 961 (11th Cir. 2009). The defendant failed to present any constitutionally impermissible motivation by the government in his prior litigation of this issue. See Order (DE #675, 9/3/09).  The only reference to a constitutionally impermissible motivation in the instant motion is the defendant's assertion that:

> The defendant in[sic] Columbian, 'a suspect class' in the United State[sic].
> While it may be premature to allege that the government's refusal to
> comply with its part of the agreement had anything to do with the
> defendant's race or national origin, the circumstance[sic] of this case,
> however, suggests an improper motive as to the reasons why the
> government did not file a 5k1 or a Rule 35 Motion up to this date.

Such an unsubstantiated claim that merely hints at a possible impermissible motive is insufficient to obtain judicial review of the government's failure to file a motion pursuant to Rule 35(b).  See Dorsey, 554 F.3d at 961.  Therefore, the defendant has failed to demonstrate that he is entitled to modification of his sentence under Rule 35.

## B. 28 U.S.C. 2255

Alternatively, the undersigned construes the defendant's motion as a purported motion pursuant to 28 U.S.C. § 2255 because it seeks to vacate or correct his sentence. See Gonzalez v. Sec'y for Dept. Of Corr., 366 F.3d 1253, 1260 (11th Cir. 2004), aff'd on other grounds, 545 U.S. 524 (2005). The defendant's claims are procedurally barred under 28 U.S.C. § 2255 (f) and (h).

Pursuant to subsection (f), requests for relief under section 2255 are subject to a one-year statute of limitations.  The defendant was sentenced on February 17, 2006,

7

and did not file an appeal of his conviction or his sentence.  Thus, the one-year statute

of limitations has expired.

Pursuant to subsection (h), a second or subsequent motion under section 2255

must be certified in accordance with the procedures established in 28 U.S.C. § 2244 by

a panel of the appropriate Court of Appeals to contain either:

> (1) newly discovered evidence that, if proven and viewed in light of the
> evidence as a whole, would be sufficient to establish by clear and
> convincing evidence that no reasonable factfinder would have found the
> movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral
> review by the Supreme Court, that was previously unavailable.

The defendant previously brought an unsuccessful motion under section 2255.  See

Report and Recommendation (Case No. 07-20455-CIV-Lenard, DE # 20, 2/22/08);

Order Adopting Report and Recommendation (DE # 552, 3/27/08).  Further, the

defendant failed to obtain certification from the Eleventh Circuit for this motion.  Thus,

the Court lacks jurisdiction to consider any claims brought under section 2255.

## IV. RECOMMENDATION

In accordance with the foregoing reasons, it is **RECOMMENDED** that the Motion

for Specific Performance (DE #879, 5/24/11) be **DENIED** in its entirety.

The parties have fourteen (14) days from the date of receipt of this Report and

Recommendation within which to serve and file written objections, if any, with the

Honorable Joan A. Lenard, United States District Court Judge. Failure to file objections

timely shall bar the parties from attacking on appeal the factual findings contained

herein.  See Loconte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S.

958 (1988); See also, RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir.

1993).

      **RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this **4th** day of

October, 2011.

                           JOHN J. O'SULLIVAN
                           UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Lenard
All counsel of record


Copies mailed by Chambers to:
Igor Federico Manotas-Lopez
USMS # 63953-004
CCA McRae Correctional Facility
P.O. Drawer 30
McRae, GA 31055